IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SEAN BURK, by his Next Friend, Mirasol Burk, and RYAN TORPHY, by his Next Friend John Gonzales**, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**STEVE & BARRY'S ILLINOIS, LLC, and STOLZ MANAGEMENT of DELAWARE, INC.**, )<br>)<br>)<br>)<br>Defendants. ) | Civil No. **07-349-MJR** |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiffs' Motion to Compel Answers to Requests to Admit. **(Doc. 43)**. Defendant Steve & Barry's Illinois, LLC, filed a response at **Doc. 46.**

Plaintiffs are suing defendant for racial discrimination in violation of 42 U.S.C. §1981, defamation, and false imprisonment.

Plaintiffs served sixteen requests to admit on defendant. Defendant objected to each one. **See, Doc. 38.**

Plaintiffs defamation claim is stated in Count 2. Plaintiffs allege that "Defendant Steve & Barry's published a statement to other commercial establishments located in the Mall that the Plaintiffs were guilty of retail theft and they have been denied access to the Mall by Defendant Stoltz Management for a period of six months as a result of the accusations made by Defendant Steve & Barry's." **Doc. 1, ¶33.** Plaintiffs further allege that Steve & Barry's knew that plaintiffs were not guilty of retail theft at the time the statement was made. **Doc. 1, ¶38.**

1

Requests numbered 1 through 7 ask defendant to admit that certain letters were sent by a lawfirm to the minor plaintiffs' parents. The letters state that the lawfirm represents Steve & Barry's on a claim for misappropriation of company assets, and reference the Illinois retail theft statute. Among other objections, defendant objects on the grounds of relevance.

Fed.R.Civ.P. 36 provides that a request for admission may ask a party to admit "the truth of any matters within the scope of Rule 26(b)(1)...." The scope of discovery as set forth in Rule 26(b)(1) is "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The court agrees that the letters that are the subject of the first seven requests are not relevant. In their motion to compel, plaintiffs point out that their complaint alleges that defendant published a statement to other businesses in the mall that falsely stated that plaintiffs were guilty of retail theft. However, the letters at issue are directed to the parents of the minor plaintiffs. Plaintiffs make no attempt to explain how letters to plaintiffs' parents would have any relevance to a claim that defendant published a false statement to other businesses in the mall. The motion to compel is denied as to requests numbered 1 though 7.

Plaintiffs' motion next addresses defendant's objection to requests numbered 12 through 16.[1] Those requests ask defendant to admit that it had "no knowledge of any facts that would support or tend to support the proposition that either Plaintiff had engaged in any activity that such that either of them could be prosecuted under" various sections of the Illinois retail theft statute. Defendant objected that the requests are vague, overbroad, ambiguous, unduly

---

[1]The motion does not address requests numbered 8 through 11.

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further, defendant objects that each request "covers more than one fact" and the statute cited in the requests is not cited in the complaint.

Defendant's objections to requests numbered 12 through 16 are denied. Plaintiffs alleged that defendants communicated a false statement to other mall businesses accusing plaintiffs of retail theft, and that defendant knew the statement was false when made. The requests seek relevant information, and are not otherwise objectionable.

Upon consideration and for good cause shown, Plaintiffs' Motion to Compel Answers to Requests to Admit **(Doc. 43)** is **DENIED as to requests numbered 1 through 7, and GRANTED as to requests numbered 12 through 16**. Defendant shall admit or deny requests numbered 12 through 16 by **June 20, 2008.**

**IT IS SO ORDERED.**

**DATE: June 13, 2008.**

                                          **s/ Clifford J. Proud**
                                          **CLIFFORD J. PROUD**
                                          **UNITED STATES MAGISTRATE JUDGE**