IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN BURK, by his next friend Mirasol Burk, and RYAN TORPHY, by his next friend John Gonzales, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 07-CV-0349-MJR ) |
| STEVE & BARRY'S ILLINOIS, LLC, and STOLTZ MANAGEMENT OF DELAWARE, INC., | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM and ORDER

**REAGAN, District Judge:**

On October 15, 2008, Defendant Steve & Barry's Illinois, LLC, filed Suggestion of Bankruptcy upon the Record (Doc. 67). Steve & Barry's indicates that, on July 9, 2008, its parent company, Steve & Barry's Manhattan, LLC, filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code in the Southern District of New York, case number 08-12579. Steve & Barry's Manhattan, LLC's bankruptcy includes Steve & Barry's Illinois, Defendant in this case. As a result, this action is stayed as to Steve & Barry's pursuant to Section 362 of the United States Bankruptcy Code. **11 U.S.C. § 362 (filing of bankruptcy petition stays "the commencement or continuation . . . of a judicial, administrative or other action or proceeding against the debtor," and "any act to collect, assess, or recover a claim against the debtor.")**.

On October 16, 2008, the Court ordered Plaintiffs, Burk and Torphy, and Defendant, Stoltz Management, to respond to Steve & Barry's Suggestion of Bankruptcy, addressing whether this case should be completely stayed or should proceed as to Stoltz Management. Plaintiffs filed a timely response, but Stoltz Management has not responded to the Court's Order. The Court now

rules as follows.

According to Plaintiffs' complaint, Defendants discriminated against them because of their race or ethnicity - Asian and Hispanic. Plaintiffs allege that they and two friends were in Steve & Barry's store at University Mall (which is managed by Stoltz Management), when a clothing rack with retail articles on it fell to the floor. Plaintiffs state that agents and employees of Steve & Barry's detained and questioned Plaintiffs and their friends. According to Plaintiffs, Steve & Barry's published a statement to other commercial establishments located in the University Mall that Plaintiffs were guilty of retail theft, and, because of these accusations, Plaintiffs were denied access to the Mall by Stoltz Management for six months. Plaintiffs assert that their friends, one white and one of Indian ethnicity, were not accused of theft nor banned from the Mall.

The claims against Steve & Barry's are race/ethnicity discrimination in violation of 42 U.S.C. § 1981(Count I), defamation (Count II) and false imprisonment (Count III). The claim against Stoltz Management is race/ethnicity discrimination in violation of § 1981.

Plaintiffs ask that proceedings against both parties be stayed. They contend that Steve & Barry's is an indispensable party. Stoltz Management has taken no position on the issue.

The automatic stay of Chapter 7 Bankruptcy, 11 U.S.C. § 362(a), is limited to debtors and ordinarily does not encompass non-bankrupt co-defendants. ***Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir. 1983) (per curiam);** *see also Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, **190 F.3d 1360, 1364 (Fed.Cir. 1999)("[T]he automatic stay does not apply to non-bankrupt co-defendants of a debtor 'even if they are in a similar legal or factual nexus with the debtor.'")(citation omitted)(collecting cases)**. Severance of a bankrupt defendant, therefore, is proper unless that party is indispensable to the district court action. *See Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena*, **S.A., 10 B.R. 488, 491-93 (N.D.Ill. 1981)**.

"To determine whether a party is an 'indispensable' party as defined by Rule 19, the court must make a two-part inquiry." ***555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F.Supp.2d 719, 723 (N.D.Ill. 1998)(citations omitted)**. "First, the court must determine whether the absent party is a 'party to be joined if feasible.'" ***Id*.(citing FED.R.CIV.P. 19(a))**. "If the party is a 'party to be joined if feasible' and if that party cannot be joined, the court must then determine whether, in equity and good conscience, the action should proceed among the parties before it." ***Id*.(citing FED.R.CIV.P. 19(b))**. The burden of proving that a party is indispensable is borne by the defendant. ***Id*.(citing *Hess v. Gray*, 85 F.R.D. 15, 27 (N.D.Ill. 1979))**.

Applying the two-part test to the instant case, the undersigned District Judge finds that Steve & Barry's is an indispensable party. Steve & Barry's is a party to be joined, and who presently is joined, in this action. The allegations against Defendants share facts in common and give rise to the same questions of law as to race/ethnicity discrimination in violation of § 1981. Moreover, for their damages, Plaintiffs seek, *inter alia*, actual, compensatory and punitive damages against each Defendant. The absence of Steve & Barry's would prevent full and complete relief from being accorded to Plaintiffs.

For these reasons, the Court **ORDERS** that all proceedings herein are **STAYED**. The stay shall remain effective until the parties notify the Court (and the Court enters an Order reflecting) that the bankruptcy proceedings have culminated and that the stay may be lifted, or until this Court is notified that the claim may proceed with the approval of the bankruptcy court. The Court further **ORDERS** that Steve & Barry's motion for summary judgment (Doc. 39) and Stoltz Management's motion for summary judgment (Doc. 58) are **DENIED** without prejudice and with leave to refile.

**Counsel for Steve & Barry's shall submit a report to the Court every May and**

**November, beginning in May, 2009, regarding the status of the bankruptcy proceeding, unless events occur that warrant the submission of an earlier report.**

**IT IS SO ORDERED.**

**DATED this 13th day of November, 2008**

<u>**s/Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**